**Burl WHITT, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 31, 1972.

A. E. Cornett, Hyden, for appellant.

John B. Breckinridge, Atty. Gen., Richard E. Fitzpatrick, Asst. Atty. Gen., Frankfort, for appellee.

MILLIKEN, Judge.

Burl Whitt was found guilty of the violation of KRS 435.150, falsely imprisoning a five-year-old child against her will. He appeals from the judgment sentencing him to three years of confinement in the penitentiary. The sole issue raised on appeal is whether the court erred in failing to sustain Whitt's motion for a directed verdict of acquittal at the conclusion of all of the evidence. We reverse.

While working several days in Pike County, Whitt, a druggist, left his friend Mrs. Ann Reynolds, and her five-year-old daughter, in his home while he was away. Mrs. Reynolds found a picture of Whitt and a girl, became upset and took a large number of tranquilizers which she had procured by prying open a cabinet containing them. When Whitt arrived home he noticed police cars parked opposite the end of his driveway. (At that time the police were apparently not checking on Whitt at all.) Whitt found his house in a mess with Ann Reynolds passed out on his bed. He tried to awaken her by slapping her face and throwing water on her. According to the testimony of both Whitt and Mrs. Reynolds she was so groggy that she stumbled and fell and hurt herself. The child saw her mother fall, was frightened

by her strange behavior, and started screaming and crying. Mrs. Reynolds and Whitt felt it was best for the child not to see her mother in her condition and they both testified that she told Whitt to place the child in the bathroom, but did not instruct him to bind her mouth. Whitt was convicted of falsely imprisoning the child by putting her in the bathroom where she stayed for about a half-hour.

Whitt tied a cloth over the child's mouth and fastened it in back with what was variously described by witnesses as an 18-inch wire with insulation, a clothes hanger or a bread-wrapper wire. The bathroom door was unlockable and there was no testimony that any restraint was placed on the child other than the cloth over her mouth and putting her in the bathroom. The first outsider to see the child said her hands were not tied. Whitt was asked if he had not stated at the last court session that he had bound the child's hands; but, when he answered negatively, no testimony to the contrary was introduced. Whitt admitted that he had placed the cloth over the child's mouth "because she was screaming and the police were at the foot of the hill."

After the child's mouth was bound and she was either placed in the bathroom or told to go to the bathroom and stay, an argument which had started between Mrs. Reynolds and Whitt grew more heated. There are some passing references in the transcript to the sheriff's getting a call about a woman being beaten, the sheriff's uncle seeing Whitt dragging Mrs. Reynolds upstairs, and the officers hearing a pistol shot and finding Whitt shot in the arm. Whatever else may have happened (which would of course be irrelevant to the offense being tried here), the quarrel must have had no lasting consequences, because Mrs. Reynolds testified for the defense in this case.

After the law enforcement officials entered the home, the little girl was found in the bathroom and the binding over her mouth was removed. The child was checked at the hospital and apparently had suffered no physical harm, but was frightened.

KRS 435.150 reads as follows:

"Any person who arrests or imprisons another or transports him, against his will, beyond the bounds of this state, otherwise than according to law, but under circumstances not constituting a violation of any of the provisions of KRS 435.140, or causes or in any manner counsels, aids or abets in such an arrest, imprisonment or transportation shall be confined in the penitentiary for not less than one nor more than twenty years." (KRS 435.140 is the kidnapping statute).

Whatever the nature of the relationship between Whitt and Mrs. Reynolds or of the picture (which is not in the record) Whitt took of Mrs. Reynolds, allegedly to show her later how she looked in her condition, the fact remains that Mrs. Reynolds, as the mother of the little girl, had parental custody and control of her and the legal power to discipline her. 59 Am.Jur.2d, Parent and Child, Sections 17 and 24. Whether Mrs. Reynolds was fully able to meet her responsibility in this respect because of her condition at the time is doubtful, but she did have enough sense to authorize Whitt to keep the child from seeing her in her condition. The exigencies of the circumstances and the age and welfare of the child are factors which must be weighed in determining whether there has been an abuse of parental power in any given situation. For example, to order a child to sit down and be quiet is a restraint, but not an imprisonment; to bind a screaming child's mouth is a restraint, but hardly an imprisonment. The placing or sending a five-year-old to an unlockable bathroom (at the suggestion of its mother and in her presence), such as the bathroom here with which the child was familiar, was not an 'imprisonment' within the meaning of the statute. The parent here knew where her child was and

there was no deprivation of parental custody involved. See 35 C.J.S. False Imprisonment § 17 and notes.

The placing of the child there was authorized by her mother in this case, according to her testimony and the testimony of Whitt, and this would make the mother a counselor, aider or abettor to the offense, subject to indictment and possible conviction under the statute, if we assume the statute was intended to cover such a parent-child situation as prevailed here. Whether Whitt used wire in binding the child's mouth or made the binding too tight is beside the point; he was authorized to put her in the unlockable bathroom by the child's mother according to all the testimony on that issue and hence was no more guilty of falsely imprisoning the child than was the child's mother in the circumstances of this case. The sole issue on this appeal is whether Whitt was entitled to a directed verdict of acquittal. He was.

The judgment is reversed.

All concur.